IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRACY A. BELL                                                                                                PLAINTIFF

v.                              Civil No. 08-2100

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tracy Bell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and VI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The plaintiff filed her applications for DIB and SSI on November 30, 2005, alleging an onset date of May 12, 2005, due to degenerative disk disease, herniated disks, migraines, depression, panic attacks, difficulty bending or squatting, trouble walking, insomnia, memory loss, and confusion due to medication side-effects. (Tr. 55, 58-59, 73-74, 97-98, 108-109, 128, 376-381). Her applications were initially denied and that denial was upheld upon reconsideration. An administrative hearing was held on September 20, 2007. (Tr. 390-420). Plaintiff was present and represented by counsel.

**AO72A**
**(Rev. 8/82)**

At this time, plaintiff was 49 years of age and possessed the equivalent of high school education and a cosmetology license. (Tr. 25, 395). She had past relevant work ("PRW") as a jewelry salesperson. (Tr. 25, 89-96, 400).

On February 21, 2008, the Administrative Law Judge ("ALJ") concluded that plaintiff's back problems, pain, and anxiety were severe but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 14-27). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; sit for 6 hours; and, stand and walk for 6 hours during an 8-hour workday. (Tr. 20). Secondary to pain, she also concluded that plaintiff was unable to drive as a part of her work duties. Further, the ALJ found plaintiff could engage in work that involves only non-complex simple instructions with little judgment; work that is routine and repetitive; work learned by rote with few variables; work involving no more than superficial, incidental contact with the public and co-workers; and, work involving concrete, direct, and specific supervision. With the assistance of a vocational expert, the ALJ then concluded that plaintiff could still perform work as a poultry worker and a shirt presser. (Tr. 26).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 9, 2008. (Tr. 3-5) Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

### A. **The Evaluation Process**:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

### **III.    Discussion:**

We find that the Secretary failed to develop evidence from plaintiff's treating source, Dr. Randeep Mann, as to her mental and physical impairments. The ALJ is under the affirmative duty to fully and fairly develop the record. 20 C.F.R. §404.944; *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984). The record indicates that plaintiff had been under treatment by Dr. Mann since 2001 for cervical and lumbar spondylosis, insomnia, panic disorder, depression, headache (HA), hypercholesterolemia, and a herniated nucleus populous (HNP) of the lumbar spine. However, the record contains nothing more than handwritten notes, which are in large part illegible due to the handwriting of the physician. (Tr. 176-187, 335-359). "Under the circumstances this court has no way to determine whether the Secretary fully understood some of the medical reports before him. Where the medical records are crucial to the plaintiff's claim, illegibility of important evidentiary material has been held to warrant a remand for clarification and supplementation." *Cutler v. Weinberger* 516 F.2d 1282, 1285 (2nd Cir. 1975). Such is the case here. *See Miller v. Heckler,* 756 F.2d 679, 680 -681 (8th Cir. 1985) (adopting *Cutler*).

The ALJ noted that Dr. Mann's records were "basically illegible," rendering her unable to determine if the claimant complained to him of significant pain in her arms and legs. (Tr. 22). We note that this also left her with no information concerning the physical examinations and other objective medical evidence relied upon by Dr. Mann in making his diagnoses and completing the RFC assessment he prepared in October 2006. Without clear records from Dr. Mann, it was impossible for the ALJ to determine, as she did, that Dr. Mann's RFC assessment differed from the "the rest of the evidence of record." (Tr. 25). Since the only other RFC assessment contained in the file was prepared by a non-examining, consultative examiner, we

believe that remand is necessary to allow the ALJ to develop the record further with regard to Dr. Mann's treatment notes. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Specifically, the ALJ should request legible documentation from Dr. Mann detailing his treatment of plaintiff, to include her symptoms, examinations, diagnoses, and treatment.

The ALJ also stated that plaintiff had not received treatment from Dr. Mann since January 2006. Due to the illegibility of Dr. Mann's records, it is difficult to ascertain the veracity of this statement. Therefore, on remand, the ALJ should also ask Dr. Mann to provide legible documentation of all visits with plaintiff since January 2006.

We also note that the ALJ's current RFC assessment does not take into account all of the limitations imposed by a herniated disk. We note that the pain associated with a herniated disk is typically amplified by movement and activity. Further, crouching, crawling, climbing, bending, and kneeling are often painful and detrimental to an individual suffering from a herniated lumbar disk. Accordingly, on remand, the ALJ should also reevaluate plaintiff's RFC, taking into account all of the limitations imposed by plaintiff's physical and mental impairments.

**IV.    Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of July 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)